UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH (WESTERN DIVISION)
CASE No. 5:23-211

| | |
|---|---|
| CS MEDICAL, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **COMPLAINT** |
| | ) **(JURY TRIAL DEMANDED)** |
| CIVCO MEDICAL INSTRUMENTS CO. INC., | ) ) ) |
| Defendant. | ) ) ) |

Plaintiff CS Medical, LLC brings this action pursuant to 15 U.S.C. §§ 1114 and 1125(a), North Carolina General Statutes § 75 *et seq.*, and North Carolina common law, seeking injunctive relief and damages against Defendant Civco Medical Instruments Co. Inc. for trademark infringement, unfair competition and false designation of origin, and unfair and deceptive trade practices and acts, and alleges and says as follows:

**NATURE OF ACTION**

1. This action arises out of Defendant's unfair competition and infringement of Plaintiff's registered trademarks and common-law trademark rights. Defendant has unlawfully used Plaintiff trademarks, business name, and trade name in its online advertising by purchasing Plaintiff's trademark as keywords in online search engine marketing campaigns and by including a TEE-formative mark in the header of the resulting advertisement in order to target, confuse, and divert Plaintiff's customers to Defendant.

## PARTIES

2. Plaintiff CS Medical, LLC is a limited liability company formed under the laws of the State of North Carolina, having a place of business at 2179 E Lyon Station Rd, Creedmoor, NC 27522.

3. Defendant Civco Medical Instruments Co. Inc. is a corporation formed under the laws of the State of Iowa, having a principal place of business at 6901 Professional Parkway East, Suite 200, Sarasota, Florida 34240.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

5. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

6. Plaintiff is informed and believes that Defendant has regularly and intentionally conducted business in this State and District and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

7. Plaintiff is informed and believes that Defendant has conducted business in this State and District by, *inter alia*, offering for sale and selling products and otherwise engaging in business activities within this State and District.

8. Plaintiff is informed and believes that Defendant's products are offered for sale to customers residing in this State and District and have been sold to customers in this State and District.

9. Plaintiff is informed and believes that Defendant has intentionally committed the acts complained of herein knowing that the harm would be suffered by Plaintiff in this State and District.

10. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b) and (c). Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

## FACTUAL BACKGROUND

### A. Plaintiff's rights in the TEECLEAN Mark.

11. Plaintiff is a leader in medical probe cleaning and storage technology. Plaintiff manufactures, markets, offers for sale, and sells automated probe disinfection devices, probe storage and transportation cabinets, and related accessories. Plaintiff markets and sells its goods to customers throughout the United States.

12. Plaintiff is the owner of U.S. Trademark Registration No. 5,892,681 ("TEECLEAN Registration") for the mark TEECLEAN, which registration issued on October 22, 2019, from an application filed on August 27, 2018, and which registration recites "laboratory equipment and medical equipment, namely, devices for disinfecting medical instruments" in International Class 10 ("Plaintiff's Goods").

13. A copy of the TEECLEAN Registration is attached hereto as Exhibit A.

14. Since at least as early as June 11, 2019, Plaintiff has used and continues to use the TEECLEAN word mark in commerce in connection with Plaintiff's Goods.

15. Plaintiff is also the owner of common-law rights in the TEECLEAN mark in connection with Plaintiff's Goods by virtue of Plaintiff's long-standing use of the same.

16. Plaintiff conducts business over the Internet and has made a substantial investment in the development of its online business.

17. Screen captures of Plaintiff's website at www.csmedicalllc.com offering Plaintiff's Goods for sale in connection with the TEECLEAN Mark are attached hereto as Exhibit B.

**B. Defendant's infringing activity.**

18. Plaintiff is informed and believes that Defendant sells automated probe disinfection devices, probe storage and transportation cabinets, and accessories ("Defendant's Goods") for the same use as and in direct competition with Plaintiff's Goods.

19. Plaintiff is informed and believes that to promote its products and business, Defendant modified its internet advertising practices to target Plaintiff and Plaintiff's customers by knowingly and intentionally trading on Plaintiff's TEECLEAN mark. By unlawfully using the designation TEECLEAN as a keyword in Defendant's internet advertising, including purchasing the TEECLEAN designation as a keyword in online search engine marketing campaigns, Defendant's advertising is prominently featured whenever a consumer inputs the TEECLEAN mark into search engine websites.

20. For example, a search on www.google.com using Plaintiff's TEECLEAN mark results in the prominent display of an advertisement for Defendant's www.civo.com website as attached hereto as Exhibit C.

21. Defendant purchased the TEECLEAN designation as a keyword so as to prominently display an advertisement with a TEE-formative mark in the header of the resulting advertisement.

22. Plaintiff is informed and believes that Defendant is activating and deactivating its advertising using the TEECLEAN keyword in an attempt to conceal its unlawful acts.

23. Plaintiff is informed and believes that Defendant purchased the TEECLEAN designation as a keyword with predatory intent.

24. Plaintiff is informed and believes that Defendant used and continues to use Plaintiff's registered TEECLEAN mark in connection with the marketing and offer for sale of Defendant's Goods to customers throughout the United States, including Plaintiff's customers.

25. Plaintiff is informed and believes that both Plaintiff's Goods and Defendant's Goods are provided, advertised, distributed, offered for sale, and sold to the same class of consumers, within the same industry, through the same channels of trade, including through the parties' respective websites.

26. Plaintiff is informed and believes that Defendant's actions have been and continue to be intentional, willful, malicious, and in complete disregard of Plaintiff's rights.

27. Defendant's intentional manipulation of internet search results by purchasing Plaintiff's TEECLEAN mark as a keyword in online search engine marketing campaigns resulted in advertisements which display a TEE-formative mark in the header of and body of the advertisement directly and proximately causing consumers to be confused into believing that the domain name www.civco.com is associated with Plaintiff thereby diverting Plaintiff's customers to Defendant and away from Plaintiff and its website.

28. Defendant intentionally purchased Plaintiff's TEECLEAN mark as a keyword on search engine websites as part of an internet advertising scheme targeting Plaintiff and deceptively attempting to confuse Plaintiff's customers or potential customers to view Defendant's website and purchase Defendant's products.

29. Defendant's actions, including purchasing and using Plaintiff's TEECLEAN mark as a keyword on search engine websites, were and continue to be designed to drive traffic away from Plaintiff's website and to Defendant's website for Defendant's commercial gain.

30. Defendant's infringing activities have and continue to cause damage to Plaintiff, by, *inter alia*, harming Plaintiff's sales, Plaintiff's goodwill, and the reputation of Plaintiff.

31. At no time did Defendant have permission to use or to license the TEECLEAN mark as a keyword in advertisements or within any advertisement text.

5

32. Defendant's unlawful purchase and use of the TEECLEAN mark on the internet to deceptively redirect consumers to Plaintiff's website is likely to cause, and Plaintiff is informed and believes is causing, confusion among consumers.

33. Plaintiff has been and will continue to be damaged and irreparably harmed as a result of Defendant's improper use of Plaintiff's TEECLEAN mark, and Plaintiff has no adequate remedy at law to redress these injuries.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement (15 U.S.C. § 1114)

34. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

35. Plaintiff owns valid and enforceable trademark rights in the TEECLEAN mark, as reflected in U.S. Trademark Registration No. 5,892,681, and has the exclusive right to use the TEECLEAN mark in commerce in connection with automated probe disinfection devices, probe storage and transportation cabinets, and related goods.

36. Defendant has, without Plaintiff's consent and with predatory intent, used in United States commerce the TEECLEAN designation in a manner that is likely to cause confusion, to cause mistake, and to deceive in violation of 15 U.S.C. § 1114(1)(a).

37. As a result of Defendant's infringement, Plaintiff has suffered damages, including lost sales, lost profits, and irreparable injury to Plaintiff's reputation and goodwill.

38. Plaintiff is informed and believes that unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in the TEECLEAN mark.

39. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

40. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

**SECOND CLAIM FOR RELIEF**
**Unfair Competition and False Designation of Origin (15 U.S.C. § 1125)**

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

42. Plaintiff owns valid and enforceable trademark rights in the TEECLEAN mark and has the exclusive right to use the TEECLEAN mark in commerce in connection with automated probe disinfection devices, probe storage and transportation cabinets, and related goods.

43. Defendant's depiction of a TEE-formative mark in the header of intentionally manipulated search results directing consumers to Defendant's website selling the same goods as, or goods similar to, those sold by Plaintiff in association with the TEECLEAN mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Goods by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

44. Defendant's unfair competition and false designation of origin associated with Defendant's use of the TEECLEAN mark intentionally deceives the public as to an affiliation between Defendant and Plaintiff, misleads Plaintiff's customers or potential customers to view Defendant's website and purchase Defendant's products, and drives traffic away from Plaintiff's website and to Defendant's website for Defendant's commercial gain.

45. Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition and false designation of origin.

46. Plaintiff has been damaged as a direct and proximate result of Defendant's unfair competition and false designation of origin associated with Defendant's use of the TEECLEAN mark.

47. Defendant has knowingly and willfully infringed Plaintiff's rights in the TEECLEAN mark in connection with automated probe disinfection devices, probe storage and transportation cabinets, and related goods.

48. Defendant's unfair competition and false designation of origin have caused irreparable injury to Plaintiff's reputation and goodwill which will continue unless Defendant is restrained and enjoined.

49. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

50. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

### THIRD CLAIM FOR RELIEF
**Common-Law Trademark Infringement**

51. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

52. Plaintiff owns common-law rights in the TEECLEAN mark by virtue of Plaintiff's longstanding use and recognition by the public.

53. Defendant has and continues to, without Plaintiff's consent and with predatory intent, use the TEECLEAN mark in commerce in connection with the advertisement and offer for sale of automated probe disinfection devices, probe storage and transportation cabinets, and related goods in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Goods by Plaintiff.

54. By using the TEECLEAN designation in connection with advertisements for goods identical to or related to those offered by Plaintiff, in the same channels of trade, Defendant has and continues to infringe upon Plaintiff's rights in the TEECLEAN mark.

55. As a result of Defendant's infringement, Defendant has been and continues to be unjustly enriched, and Plaintiff has and continues to suffer damages, including lost sales, lost profits, and lost goodwill.

56. Defendant's infringement of Plaintiff's rights in the TEECLEAN mark has and continues to cause irreparable injury to Plaintiff's reputation and goodwill.

57. Plaintiff is entitled to monetary damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices (N.C. Gen. Stat. § 75-1.1 *et seq.*)

58. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

59. Defendant's acts alleged herein have been and continue to be willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

60. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and unfair and deceptive acts or practices within the meaning of N.C. Gen. Stat. § 75-1.1 and North Carolina common law.

61. Plaintiff has been and continues to be directly and proximately damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.* and other applicable law including an award of monetary damages for the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, plus attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

**WHEREFORE**, Plaintiff respectfully prays the Court to enter judgment in favor of Plaintiff and against Defendant:

  A. Temporarily restraining and permanently enjoining Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the TEECLEAN designation, or any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to Plaintiff's TEECLEAN mark, pursuant to 15 U.S.C. § 1116(a);

  B. Ordering Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

  C. Ordering Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

  D. For treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. §§ 1117(a) and (b) and N.C. Gen. Stat. §§ 75-16 and 75-16.1;

  E. Ordering that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

  F. Granting Plaintiff equitable relief in order to stop the harm being caused by Defendant;

  G. For pre-judgment and post-judgment interest; and

  H. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this the 19th day of April 2023

/s/ Thomas D. Myrick
Thomas D. Myrick
N.C. State Bar No. 12645

**MOORE & VAN ALLEN PLLC**
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1126
Email: tommyrick@mvalaw.com
CLT-TMCorrespondence@mvalaw.com

*Attorney for Plaintiff CS Medical, LLC*